# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| CARMENCITA MARIA PEDRO, | : | |
| *in her own right and as natural mother* | : | |
| *and next best friend to her minor son, K.L.F.,* | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 11-777 |
| v. | : | |
| | : | |
| OFFICE FOR DISPUTE RESOLUTION *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

YOHN, J.                                                                November 14, 2012

Plaintiff, Carmencita Maria Pedro, moves for relief under Federal Rule of Civil Procedure

60(b) from orders I issued granting defendants' motions to dismiss. For the reasons set forth

below, and in the interest of finality, I will deny her motion.

## I.      Factual and Procedural Background

Pedro brought this action on behalf of herself and her son, K.L.F., against defendants, the

Office for Dispute Resolution ("ODR"), Anne Carroll, the School District of Philadelphia,

Kimberly Caputo, Dolores Liebel, Linda Williams, Rachel Holzman, Eileen Bazelon, and

Kenneth Cooper. She invoked the Individuals with Disabilities Education Improvment Act of

2004, Section 504 of the Rehabilitation Act of 1973, and a host of other federal and state statutes

and regulations.

Some time prior to January 2011, Pedro initiated special-education due process

administrative proceedings against the School District. The proceedings were conducted by ODR

with Carroll as the Hearing Officer. Caputo served as Assistant General Counsel to the School

District. On January 29, 2011, Carroll issued an order dismissing Pedro's case. On February 8, 2011, Pedro filed this federal action, styling it as an appeal of the administrative dismissal order. Pedro amended her complaint twice, in April and June 2011, to add various doctors and lawyers associated with the School District as defendants.

In July and August of 2011, the defendants all filed motions to dismiss the case. On August 17, 2011, Pedro filed for an extension of time to respond. On August 22, 2011, I granted Pedro's motion and set September 22, 2011, as the deadline. Pedro never filed a response, and on October 3, 2011, I granted the motions and dismissed all defendants from the case with prejudice.

Unknown to the court at the time, a series of tragedies had stricken Pedro and her family during the summer of 2011. Pedro argues that these circumstances kept her from prosecuting the instant action. Specifically, in June 2011, K.L.F. was discharged from a residential treatment facility, where he had resided since September 2009 as a result of substance-abuse and behavioral issues related to his bipolar disorder. After his discharge, K.L.F. went to live with his biological father. He discontinued his perscribed medication and therapeutic treatment, and began to self-medicate with illicit drugs. All efforts by Pedro to intervene were ignored, and K.L.F.'s behavior and emotional state became increasingly volatile.

In June 2012, as a result of this downward spiral, K.L.F. became homeless. He spent the summer jumping in and out of psychiatric hospitals, until he was finally readmitted to a residential treatment facility in August 2012. I have no doubt that watching her only child's deterioration was, as Pedro writes, "absolutely heart-wrenching and agonizing for the Plaintiff." (Motion for Relief from Judgment or Order and Motion to Reopen Civil Action No. 11-cv-777

("Mot. to Reopen") at 5.)

K.L.F.'s crisis was not the only hardship Pedro faced during this time. Between June and August 2011, Pedro's income was substantially diminished when her employment contract with a local yoga studio expired and was not renewed. Moreover, in August 2011, Hurricane Irene caused so much damage to her home that it was rendered uninhabitable. Pedro was without homeowners insurance and was ineligible for FEMA assistance. While dealing with the fallout of the hurricane, Pedro sustained an injury that impacted her ability to work between September and November 2011; this further undercut her income. Pedro struggled to secure further employment and repair the damage to her home. She avers that only recently, in September 2012, has she found additional opportunities for work, such that she can "earn a living sufficient to meet her most basic living expenses." (Mot. to Reopen at 6.)

Thus, exactly one year after I ordered her case dismissed, Pedro filed the motion for relief from judgment currently under consideration. She asks that I vacate the dismissal orders pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(2), and 60(b)(6).

## II.    Discussion

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." "[A] motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court . . . [and t]he policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2857 (2d ed. 2012)

Relief under Rule 60(b) may be appropriate where a movant shows "mistake,

inadvertence, surprise, or excusable neglect" (60(b)(1)) or "newly discovered evidence that, with

reasonable diligence, could not have been discovered" earlier (60(b)(2)). Rule 60(b)(6) is a

catchall provision stating that a movant may prevail for "any other reason that justifies relief."

Under Rule 60(c), a 60(b) motion that relies on subsections (1)-(3) must be filed within a year of

the judgment targeted. Otherwise, the only restraint is that motion "must be made within a

reasonable time" of the judgment.

Because Pedro filed this within a year of the dismissal orders, all the reasons under Rule

60(b) are available to her. I address her contentions in turn.

A.      Subsection (b)(1)

"The test for excusable neglect is equitable," and I must focus on the "totality of the

circumstances." *Nara v. Frank*, 488 F.3d 187, 194-95 (3d Cir. 2007) (internal quotation marks

omitted). In particular, I must consider "1) the danger of prejudice to the other party; 2) the

length of the delay and its potential impact on judicial proceedings; 3) the reason for the

delay—and whether it was within the movant's control; and 4) whether the movant acted in good

faith." *Id.* at 195.

An equitable, totality-of-the-circumstances analysis should also look to the merits of the

movant's case. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (in

determining whether to set aside default judgment, court should see whether defendant has

meritorious defense); *Lorenzo v. Griffith*, 12 F.3d 23, 27 (3d Cir.1993) (applying the default-

judgment standards when plaintiff sought reconsideration of grant of summary judgment);

*Andrews v. Time, Inc.*, 690 F. Supp. 362, 365 (E.D. Pa. 1988) ("Even if plaintiff could

demonstrate excusable neglect, which she cannot, she must assert a defense on the merits against

the Time defendants' motion to dismiss or for summary judgment in order to prevail on her Fed.

R. Civ. P. 60(b) motion.").

In light of these considerations, Pedro is not entitled to relief under Rule 60(b)(1). I am sympathetic to the hardships she has faced over the past year and a half. And, clearly, her son's relapse, her injury, her loss of employment, and the damage caused by Hurricane Irene were circumstances outside of her control. But Pedro's explanation fails to account for the *length* of the delay. Pedro admits receiving the court orders of August 22 and October 3 as early as November 2011. While I would not expect Pedro to file her 60(b) motion immediately, there is no excuse for her waiting eleven months. Any contention that she was completely unable to act until September 2012 (the point at which she fully healed from her injury and supplemented her income) is simply incredible.

Moreover, Pedro has not provided any indication in her brief that she would be able to survive defendants' motions to dismiss. The defendants argued for dismissal on a variety of grounds, including judicial immunity (Carroll and ODR); Eleventh Amendment immunity (Carroll and ODR); failure to state a claim under Rule 12(b)(6) due to complete lack or insufficiency of factual allegations (Bazelon, Liebel, Williams, Holzman, Caputo, Cooper, and the School District); lack of subject-matter jurisdiction under Rule 12(b)(1) for failure to exhaust administrative remedies (same); Pedro as a non-lawyer cannot sue on behalf of her son (same); insufficient service of process under Rule 12(b)(5) (same). I do not express any view on the merits of these arguments; however, Pedro's complete failure to address them makes me reluctant to exercise my discretion at the cost of finality. Moreover, case law indicates that the burden is on the movant to demonsrate that she is entitled to relief under Rule 60(b)(1). *See*

*Ethan Michael Inc. v. Union Tp.*, 392 F. App'x 906, 909 (3d Cir. 2010) (affirming in case where

district court reasoned that movant "had the burden of proving that it was entitled to relief under

the four [*Pioneer*] factors"). Again, without any argument whatsoever, Pedro necessarily fails to

meet this burden.

### B. Subsection (b)(2)

"The movant under Rule 60(b)[(2)] bears a heavy burden, which requires more than a

showing of the potential significance of the new evidence." *Bohus v. Beloff*, 950 F.2d 919, 930

(3d Cir. 1991) (internal citations and quotation marks omitted). Here, Pedro writes that

communications with defendants have "revealed the existence of evidence that, with reasonable

diligence, could not have been discovered" earlier. (Mot. to Reopen at 7.) Pedro does not explain

the nature of this new evidence or its impact on the case. And she only conclusorily asserts that it

could not have been discovered earlier without reasonable diligence. I find Pedro's vague

assertion falls far short of the "heavy burden" she carries under Rule 60(b)(2).

### C. Subsection (b)(6)

"To justify relief under subsection (6), a party must show extraordinary circumstances

suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

*Ltd. P'ship*, 507 U.S. 380, 393 (1993) (internal quotation marks omitted). The circumstances

Pedro describes may well be extraordinary. *See Klapprott v. United States*, 335 U.S. 601, 613-

614 (1949) (poverty, illness, and incarceration "set up an extraordinary situation" where

petitioner could not defend against denaturalization proceeding). And, of course, Pedro is not at

fault for the hardships themselves. However, as I explain above, I do not believe that the

circumstances she describes can account for the full period of delay in filing the current motion.

And insofar as Pedro has been careless or lackadaisical in pursuing her action, she is not

"faultless in the delay." *See Ethan Michael Inc.*, 392 F. App'x at 910 n.5 ("[I]f a party contributes

to the delay, relief is foreclosed under Rule 60(b)(6).") (emphasis omitted). Therefore, she is not

entitled to relief from judgment under Rule 60(b)(6).

## III.    Conclusion

For the reasons set forth above, I will deny Pedro's motion for relief from the orders of

October 3, 2011, dismissing all defendants.[1] An appropriate order follows.

---

[1] Only Carroll, ODR, and Bazelon have filed responses in opposition to the instant
motion. This raises the possibility of granting Pedro's motion as uncontested with regard to the
non-responsive defendants. *See* E.D. Pa. Civ. R. 7.1(c) ("In the absence of timely response, the
motion *may* be granted as uncontested.") (emphasis added). However, I find the allegations in
Pedro's second amended complaint to be nonspecific and I believe her lawsuit is likely without
merit. Reopening the case, meanwhile, will lead to a significant expenditure of judicial resources
(not to mention the cost to the defendants). Therefore, I decline to exercise my discretion under
Local Rule 7.1 to grant the motion in part as uncontested.